IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ROBERT BLAIR, | No. 2:14-CV-2161-GEB-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| MONTGOMERY, | |
|     Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 14) grounds two, three, and four of the instant petition as untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Petitioner was convicted on July 3, 2007, and sentenced to a determinate prison term of 87 years. The California Court of Appeal affirmed the conviction and sentence on September 12, 2008. The California Supreme Court denied direct review on December 17, 2008. Petitioner then filed a series of post-conviction actions in state court as follows:

| | | |
|---|---|---|
| First Action | Sacramento County Superior Court | |
| | Filed November 26, 2009 | |
| | Denied March 11, 2010 | |
| Second Action | Sacramento County Superior Court | |
| | Filed June 10, 2013 | |
| | Denied August 13, 2013 | |
| Third Action | California Court of Appeal | |
| | Filed November 7, 2013 | |
| | Denied November 21, 2013 | |
| Fourth Action | California Supreme Court | |
| | Filed May 19, 2014 | |
| | Denied September 10, 2014 | |

Petitioner also filed a prior federal habeas petition, <u>Blair v. Small</u>, 2:09-CV-1879-GEB-CMK, on July 9, 2009. That matter was dismissed on February 12, 2010. Petitioner commenced the instant federal petition on September 14, 2014.[1]

# II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28

---

[1] This is the date petitioner signed the proof of service indicating he mailed the petition to the court for filing. The petition was filed on the court's docket on September 17, 2014.

U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the

time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

The current federal petition raises four grounds for relief.  Respondent concedes that the first ground for relief, which is based on a March 2, 2013, report by the Sacramento County District Attorney's Crime Lab constituting the factual predicate of the claim, is timely.  Respondent's motion is directed to the remaining claims (two, three, and four).

As to these claims, the one-year limitations period began on March 18, 2009 – the day after the time to seek certiorari from the United States Supreme Court expired.  Thus, as respondent notes, the limitations period expired on March 17, 2010, plus any time for tolling.  Respondent concedes that petitioner's first post-conviction action was properly filed and tolled the limitations period for 106 days.  Thus, with 106 days of tolling, the one-year limitations period expired on July 1, 2010.  Citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003),

respondent argues that petitioner is not entitled to tolling for any of the remaining post-conviction actions because they were all filed after July 1, 2010.

In his opposition, petitioner argues that he is entitled to equitable tolling as to grounds two, three, and four due to "extenuating circumstances." According to petitioner, "[a]t no time did any state court . . . reject petitions for untimeliness or cite lack of due diligence." Petitioner adds that he acted diligently in filing the instant petition only a few days following the California Supreme Court's denial of his fourth post-conviction action in September 2014. Petitioner also states that he is entitled to equitable tolling because he was in administrative segregation from the beginning of 2009 through October 2014, during which time he suffered "disposal of all legal work (transcripts, briefs, legal mail, etc.)." He also states that he did not have access to the prison law library during this period. Petitioner states:

> Petitioner contacted trial attorney (Robert Peters), of record, and investigator (Larry Fuller), of record, and informed them of situation and that he was in need of another copy of his transcripts and other pertinent legal work. They informed him they would assist as much as they could. Shortly thereafter both succumbed; Robert Peters to a mountain bike accident and Larry Fuller to throat cancer.

Respondent argues that nothing cited by petitioner constitutes an extraordinary circumstance justifying equitable tolling.

Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

/ / /

/ / /

5

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> . . . [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

///

In this case, the court agrees with respondent that equitable tolling is not available because petitioner has not demonstrated diligence or extraordinary circumstances. The one-year limitations period expired on July 1, 2010. Nowhere in his opposition does petitioner state what efforts he made before that date to file his federal petition. Additionally, while petitioner states that he was in administrative segregation from the beginning of 2009 through October 2014, during which time he did not have access to his legal materials or the law library, he does not state that these problems existed between early 2009 and July 1, 2010. Nor does petitioner provide any evidence that he was in fact separated from his legal materials or denied access to the law library during this time period. In any event, limited access to legal materials and the law library are ordinary prison limitations and do not constitute extraordinary circumstances justifying equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Finally, as respondent notes, despite petitioner's claim that his placement in administrative segregation from the beginning of 2009 prevented him from filing his federal petition on time, petitioner was able to file his first state post-conviction action in November 2009 and was able to file his prior federal petition in July 2009.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 14) be granted and that claims two, three, and four be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

8